UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN GARFIELD and JAMES WEZRAN,<br>                Plaintiffs,<br>     v.<br><br>COOK COUNTY, THOMAS DART, CAPTAIN MARIO REYES, LIEUTENANT BLUNT, OFFICER OCHOA, OFFICER CASTILL, OFFICER SHEAHAN,<br>                Defendants. | Case No. 08 C 6657<br><br>Judge Joan B. Gottschall |

**MEMORANDUM OPINION & ORDER**

Plaintiffs bring this suit pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 501 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"); and 42 U.S.C. § 1983.[1] Plaintiffs allege both that they are disabled and that they were deprived of the use of a cane while in detention at Cook County Department of Corrections (the "Jail"). Plaintiff Wezran also alleges that certain defendants beat him during processing. This matter is presently before the court on the motion of defendants Cook County, Dart, Reyes, Blunt, and Ochoa[2] (collectively, the "County") to dismiss plaintiffs' Second Amended Complaint (the "Complaint"). For the reasons stated herein, the court grants the motion in part, and grants plaintiffs leave to file an amended complaint consistent with this opinion.

---

[1] Plaintiffs assert that they bring this suit on behalf of others similarly situated and that the class satisfies the requirements of Federal Rule of Civil Procedure 23, but state no facts setting forth the scope of their proposed class or their representation thereof, and have not brought a class certification motion.

[2] At the time of briefing, neither defendant Castill nor defendant Sheahan had been served, and the docket reflects no appearance or other filing on the behalf of either. In resolving this motion to dismiss, the court takes no position with respect to plaintiffs' claims against defendants Castill and Sheahan.

# I. LEGAL STANDARD

Rule 12(b)(6) allows a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion the court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citation omitted). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). The plaintiff generally need not plead particularized facts, but the factual allegations in the complaint must be sufficient to "state a claim to relief that is plausible on its face[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (citing *Twombly*, 550 U.S. at 556).

# II. ANALYSIS

The Supreme Court, in *Iqbal*, noted that "legal conclusions can provide the framework of a complaint . . . ." *Id.* at 1950. Here, plaintiffs' Complaint contains no such framework. Rather, plaintiffs assert three causes of action in the first paragraph of their Complaint, then allege the facts relevant to each plaintiff without relating the factual pleadings to the causes of action.

### A. Federal funding under the Rehabilitation Act

The Rehabilitation Act, by its terms, applies only to federal agencies and to "any

program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a) (2006). Therefore, to state a claim under the Rehabilitation Act, plaintiffs must allege facts allowing for the reasonable inference that: (1) they are disabled individuals; (2) who are otherwise qualified for participation in a program or activity; (3) which receives federal financial assistance; and (4) that they were denied the benefits of or subject to discrimination under the program. *See Nathanson v. Med. Coll. of Pa.*, 926 F.3d 1368, 1380 (3d Cir. 1991). Here, plaintiffs do not allege that the "program or activity" of which they complain received federal funding. While plaintiffs are obliged to allege facts rather than the elements of a cause of action, *see Simpson v. Nickel*, 450 F.3d 303, 305 (7th Cir. 2006), they still must state a claim that allows the court to reasonably infer that they are entitled to relief. The court can draw no such inferences here, as plaintiffs make no mention of or allusion to federal funding of any sort.

Nevertheless, this deficiency is not beyond cure. The County's motion to dismiss is granted with respect to plaintiffs' Rehabilitation Act claim, but plaintiffs may re-plead in a manner consistent with this opinion.

**B.     Rehabilitation Act and ADA**

The court next analyzes the remaining aspects of plaintiffs' Rehabilitation Act claims, along with their ADA claims. The ADA's pleading requirements mirror those of the Rehabilitation Act, save for the federal funding requirement discussed above: a plaintiff bringing suit under the ADA must allege that: (1) he was an otherwise "qualified individual with a disability;" (2) who was denied participation in public entities' "services, programs or activities;" and (3) that the denial or discrimination was based on his disability. 42 U.S.C. § 12132; *see also Weinreich v. L.A. Cty. Metro. Trans. Auth.*,

114 F.3d 976, 978 (9th Cir. 1997). Accordingly, courts generally analyze claims brought under the two statutes similarly. *See Radaszewski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 607 (7th Cir. 2004).

1. Individual capacities

Initially, certain individual defendants must be dismissed from the ADA and Rehabilitation Act claims. Plaintiffs bring suit against defendants Reyes, Blunt, and Ochoa, as well as the not-yet-served Castill and Sheahan, each in their individual capacities. However, the ADA does not permit suits against officials in their individual capacities. *See Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009) (collecting cases); *see also Williams v. McLemore*, 247 Fed. Appx. 1, 8 (6th Cir. 2007) (quoting *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000), *overruled on other grounds as recognized by Bruggeman ex rel. Bruggeman v. Blagojevich*, 324 F.3d 906, 912-13 (7th Cir. 2003)). Likewise, a plain reading of the Rehabilitation Act reveals that it does not allow for suits against officers in their individual capacities. 29 U.S.C. § 794(b); *see also Alston v. District of Columbia*, 561 F. Supp. 2d 29, 38 (D.D.C. 2008) (citing *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (collecting cases)). Therefore, plaintiffs' Rehabilitation Act and ADA claims against these individual defendants are dismissed with prejudice.

2. Wezran

Plaintiff Wezran's ADA and Rehabilitation Act claims are dismissed without prejudice. Wezran alleges that during his incarceration, he was deprived of the use of his cane for twenty days, but has not stated or even implied that he was excluded from "services, programs, or activities" in the Jail. Incarceration is not by itself a "program or

activity." *See Crawford v. Ind. Dep't of Corrections*, 115 F.3d 481, 483 (7th Cir. 1997), *abrogated on other grounds by Erickson v. Bd. of Governors of State Colls. & Univs. for Ne. Ill. Univ.*, 207 F.3d 945 (7th Cir. 2000). Wezran has failed to state a claim for relief under the Rehabilitation Act or the ADA. Nevertheless, Wezran may be able to identify some "services, programs or activities" from which he was excluded by virtue of his deprivation of the use of a cane, and the court grants him leave to re-plead.

### 3. Garfield

Plaintiff Garfield alleges that he collapsed and was injured as a result of prison officials' confiscation of his cane in the Jail's recreation area. The court can reasonably infer from Garfield's allegations that he could enjoy use of the recreation area with his cane, and that without the cane, he could not. Taking Garfield's allegations as true, he is a "qualified individual" that, by deprivation of the use his cane, was denied access to the recreation area, which is a program or activity. *See id.* (recognizing that use of the library and use of the dining area are activities under the ADA).

The remaining question is whether Garfield's allegations suggest discrimination based on his disability. Garfield alleges that a policy in place authorized the confiscation of canes and similar implements, which this court can reasonably infer would disproportionately impact disabled persons. While allegations of disproportionate impact are not necessary, proof of such impact may eventually entitle Garfield to relief. *See Wis. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 753 (7th Cir. 2006). The court can reasonably infer that the confiscation of Garfield's cane was pursuant to the complained-of policy, thereby satisfying the discrimination requirement.

The County protests that plaintiffs complain of mere negligence, which is insufficient to state a claim under the ADA. *Foley v. City of Lafayette, Ind.*, 359 F.3d 925, 931 (7th Cir. 2004). Yet plaintiffs clearly complain of an official policy of depriving inmates of their canes; such a policy is not an "isolated act[] of negligence," but rather a "willful" or "systematic effort" to deprive access. *Id.*

Garfield's remaining allegations do not identify any sort of "services, programs, or activities" to which he was denied access. These remaining allegations under the Rehabilitation Act are therefore dismissed but, like Wezran, Garfield will be given leave to re-plead.

### C. 42 U.S.C. § 1983

Finally, plaintiffs assert claims under 42 U.S.C. § 1983. "To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

#### 1. Garfield

The facts alleged suggest that Garfield brings his § 1983 action for medical mistreatment by the County in violation of the Eighth Amendment. To state such a claim, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to a serious known medical need." *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). This standard is both objective and subjective: the need must be serious, and the defendant must act with deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Garfield has alleged that "defendants Walker, Ochoa, and Blunt" actually knew

of his prescription and need for a cane. This allegation satisfies the "deliberate indifference" requirement with respect to defendants Ochoa and Blunt.[3] However, Garfield makes no allegations with respect to defendant Reyes or the two defendants that have not yet been served. Therefore, the County's motion to dismiss Garfield's § 1983 claim is granted with respect to defendant Reyes.

The remaining question regarding Garfield's allegations is whether he alleges that he had a serious medical need. "Serious" medical needs include those "far less critical than 'life-threatening,'" and can include a "back strain" and other cases in which the denial of care would serve no penological purpose. *Gutierrez v. Peters*, 111 F.3d 1364, 1370-71 (7th Cir. 1997) (quoting and analyzing *Estelle*, 429 U.S. at 103). Garfield alleges that he suffered "neck and back injuries," which come in varying degrees of severity, but also alleges that he was "unable to walk without a cane," suggesting that his medical needs were sufficiently serious to state a claim for medical mistreatment. The County's motion to dismiss Garfield's § 1983 claim is denied with respect to defendants Cook County, Dart, Ochoa, and Blunt.

    2.    <u>Wezran</u>

Wezran alleges that defendants Castill and Sheahan beat him after a disagreement during his processing.[4] An excessive force claim is properly brought pursuant to 42 U.S.C. § 1983. *See, e.g.*, *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Wezran

---

[3] The court does not consider Walker to be a defendant to this case. Walker, although identified as a defendant in some factual allegations, is not listed in the caption of this case. There is no indication that plaintiffs are attempting to sue Walker beyond the description of him as "defendant Walker." Specifically, there is no description of who Walker is, whether he or she might be sued in his or her individual or official capacity, or whether plaintiffs have attempted to serve him or her.

[4] There is some confusion regarding whether Wezran brought a § 1983 medical mistreatment claim. There are no allegations that would allow the court to reasonably infer that Wezran had a serious medical need or that the County was deliberately indifference thereto. To the extent that Wezran's § 1983 allegations are based on a medical mistreatment claim, the County's motion to dismiss is granted.

omits defendants Reyes, Ochoa, and Blunt from his excessive force allegations, and the County's motion to dismiss is accordingly granted with respect to these individual defendants.

Wezran does not allege he was injured by the alleged beating. Physical injury is not a necessary element of a claim of excessive force, and so Wezran's failure to allege any facts suggesting injury is not fatal to his claim, although it may later prove relevant to the reasonableness of any force used. *See McNair v. Coffey*, 279 F.3d 463, 468 (7th Cir. 2002). The County urges that Wezran's claims are so improbable that they are not facially plausible. *See Iqbal*, 129 S. Ct. at 1940. While Wezran's claims largely lack detail, the escalation of a prison official-prisoner disagreement into violence is not so improbable that Wezran's claims must be dismissed.

Therefore, the County's motion to dismiss Wezran's § 1983 claims is denied with respect to defendants Cook County and defendant Dart.

### III. CONCLUSION

For the reasons stated above, the County's motion to dismiss is granted in part. Plaintiffs are granted leave to file a third amended complaint consistent with this opinion.


ENTER:

      /s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: November 19, 2009